# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

BRIAN VIERRA GONZALEZ,

    Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Defendant.

Case No. 2:17-cv-03055-APG-GWF

**ORDER (1) GRANTING IN PART MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING IN PART MOTION TO STRIKE**

(ECF Nos. 5, 17)

    In 2015, plaintiff Brian Vierra Gonzalez was involved in an automobile accident in which he was negligently struck and injured by an underinsured motorist. At the time of the accident, Gonzalez was insured by defendant Government Employees Insurance Company ("GEICO") for uninsured and underinsured motorist coverage. In August 2017, Gonzalez sent GEICO a settlement demand for the full coverage limits under his policy. GEICO did not pay on the claim before Gonzalez filed this suit against GEICO on November 3, 2017. Gonzalez asserts claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing ("bad faith"); and (3) violations of Nevada Revised Statutes § 686A.310.

    Although entitled a motion to dismiss, GEICO moves for summary judgment on all of Gonzalez's claims. GEICO contends Gonzalez failed to comply with a contractual condition precedent because he did not respond to GEICO's request for an independent medical examination ("IME") before filing suit. Additionally, GEICO contends that it has acted in good faith and has not violated § 686A.310, as shown by its continued and prompt effort to investigate the claim.

    I deny GEICO's motion as to the breach of contract claim because a genuine dispute remains as to whether Gonzalez or his counsel received notice of an IME request before filing suit. I grant summary judgment as to the claims for bad faith and violations of § 686A.310 given GEICO's ongoing effort to investigate Gonzalez's claim when suit was filed only two and a half

months after Gonzalez first made his settlement demand. I grant Gonzalez's motion to strike GEICO's unauthorized supplemental reply in that I will not consider it for purposes of ruling on the motion for summary judgment, but I do not strike it from the record.

**I. BACKGROUND**

Gonzalez alleges that GEICO failed to pay benefits as required under his insurance policy's underinsured motorist coverage. Gonzalez suffered injuries when an underinsured motorist negligently collided with his vehicle on August 29, 2015. ECF No. 1-2 at 3. Gonzalez's GEICO policy includes underinsured motorist ("UIM") benefits with limits of $100,000 per person/$300,000 per accident. ECF No. 1-3 at 2. Approximately two years after the accident, Gonzalez submitted wrote to GEICO demanding payment of the full UIM policy limit because his counsel, Thomas Murphrey, valued his claim in excess of $600,000. ECF 5-4 at 5.

About two weeks later, GEICO representative Justine Rutter called Murphrey and requested Gonzalez fill out and return a HIPAA authorization so GEICO could obtain his MRI films for review by another doctor. ECF No. 5-1 at 3. Rutter followed up with a message the next day reiterating what was discussed in the phone call the day before. ECF No. 5-5 at 2. The message confirmed that Gonzalez would take part in an in-person, recorded statement conducted by a GEICO employee. *Id*. The message also included a request for a completed HIPAA form from Gonzalez so GEICO could obtain his MRI films. *Id*.

Gonzalez sent a HIPAA authorization to GEICO on September 13, 2017. ECF No. 7 at 23-25. Rutter states she sent a message to Murphrey the next day informing him that the HIPAA authorization was incomplete. ECF No. 5-1 at 3. Gonzalez complied with the request for an in-person, recorded statement, and afterwards, Murphrey sent GEICO a letter demanding it comply with § 686A.310 and settle the claim. ECF No. 7 at 20. The letter, sent on September 19, claimed that all relevant medical records had been provided to GEICO in the initial August 23 settlement proposal. *Id*.

Rutter states she sent a message in early October informing Murphrey that she requested an expedited review of Gonzalez's MRI films "now that [GEICO had] received the properly

completed HIPAA Authorizations." ECF No. 5-1 at 4.  Rutter avers that she sent a message on October 25 requesting Gonzalez undergo an IME and stating that GEICO was attempting to find available times and dates for the appointment. *Id*.  Rutter also avers that she left a message for Murphrey on November 2 providing information on the proposed IME as well as dates and times on which the IME could take place. *Id*.  She states she sent correspondence to Murphrey the next day repeating what she said in the message and proposing that the IME take place on December 8 at 9:00 a.m. ECF Nos. 5-1 at 4; 5-10.

Murphrey states in his affidavit that neither he nor Gonzalez received the October 25 request for an IME, the November 2 message, or the November 3 correspondence before he filed this lawsuit on November 3. ECF No. 7 at 7.  Instead, he asserts that it was not until "[s]everal days after suit was filed" that he was informed of GEICO's request for an IME when he received a phone call from GEICO's representative. *Id*.  Murphrey sent a fax to GEICO on November 6 in which he confirmed Gonzalez was available on December 8 at 9:00 a.m. ECF No. 10-2 at 2.  GEICO sent a fax on November 10 requesting the IME be conducted on December 15 instead. ECF Nos. 5-11; 7 at 7.  Gonzalez completed the IME on that date. ECF No. 7 at 7-8.

## II. ANALYSIS

As both parties rely on evidence outside the pleadings, I will treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts

demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 531 (9th Cir. 2000). I view all evidence and inferences that may be drawn therefrom in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.,* 523 F.3d 915, 920 (9th Cir. 2008).

**A. Breach of Contract**

Gonzalez alleges GEICO breached the policy because it has not paid his UIM benefits. ECF No. 1-2 at 4. GEICO contends it is entitled to summary judgment on this claim because Gonzalez did not comply with the request for an IME before he filed suit. GEICO contends this constitutes a failure to satisfy a condition precedent to obtaining benefits under the policy. Gonzalez responds that both he and his counsel were unaware of the IME request before filing suit and that Gonzalez has since participated in the IME.

The policy provides as a condition to coverage that "[t]he injured person will submit to examination by doctors chosen by [GEICO], at [GEICO's] expense, as [GEICO] may reasonably require." ECF No. 5-3 at 15. Additionally, the policy states that "[s]uit will not lie against [GEICO] unless the insured or his legal representative have fully complied with all the policy terms." *Id.*

A plaintiff may not successfully claim that an insurer breached an insurance policy when the plaintiff has failed to satisfy a coverage condition in the policy. *Las Vegas Metro. Police Dep't v. Coregis Ins. Co.,* 256 P.3d 958, 962 (Nev. 2011) (en banc) ("When an insurance policy explicitly makes compliance with a term in the policy a condition precedent to coverage, the insured has the burden of establishing that it complied with that term."). Thus, an insured who fails to submit to an IME that is a condition precedent to coverage under the policy is precluded from asserting a claim that the insurer breached the policy. *Brown v. State Farm Fire & Cas. Co.*, 381 P.3d 597, 2012 WL 4846490, at *1 (Nev. 2012); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 2:07-cv-00060-KJD-LRL, 2009 WL 2197370, at *7 (D. Nev. July 23, 2009).

A genuine dispute remains as to whether Gonzalez was notified of the IME request prior to his filing suit. Viewing the facts in the light most favorable to Gonzalez, Murphrey avers that

neither he nor Gonzalez received an IME request before suit was filed. Instead, Murphrey states he first learned of the request during a phone call "[s]everal days after suit was filed." ECF No. 7 at 7. Gonzalez thereafter complied with the IME request. I therefore deny GEICO's motion as to this claim.

**B. Bad Faith**

Gonzalez alleges GEICO breached the implied covenant of good faith and fair dealing by "failing to pay the sums due and failing to offer a reasonable basis for [its] refusal to pay the amount due." ECF No. 1-2 at 4. GEICO argues it is entitled to summary judgment because GEICO was still evaluating Gonzalez's medical damages when he filed his complaint, and thus GEICO never refused payment. Gonzalez responds that GEICO purposefully delayed paying him and that GEICO has refused to provide any reasonable basis for this delay.

Pursuant to Nevada law, an insurer breaches the duty of good faith when it refuses "without proper cause to compensate its insured for a loss covered by the policy." *U. S. Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975). An insurer is without proper cause to deny a claim when it has an "actual or implied awareness" that no reasonable basis exists to deny the claim. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

An unreasonable delay in payment can also constitute bad faith. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) ("[T]his court has addressed an insurer's breach of the implied covenant of good faith and fair dealing as the unreasonable denial or delay of payment of a valid claim"). However, an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017) (holding the insurer acted reasonably in handling an insured's claim, despite delaying payment several years, because there was a reasonable dispute about the extent of the insured's injuries and whether those injuries were caused by the accident).

In the instant case, no reasonable jury could find GEICO unreasonably delayed paying Gonzalez prior to his filing suit. GEICO's delay of approximately two and a half months does not

1 constitute bad faith as GEICO was promptly investigating the claim.  Within two weeks of
2 receiving the settlement demand, GEICO began investigating by requesting a HIPAA
3 authorization.  GEICO then sought an expedited review of the MRI films.  After approximately
4 two months, GEICO requested an IME (even if Gonzalez did not receive that request).

5       Thus, even viewing the facts in the light most favorable to Gonzalez, GEICO is entitled to
6 summary judgment on the bad faith claim because GEICO had a reasonable basis for delaying
7 payment until GEICO had more fully evaluated Gonzalez's claim through independent medical
8 opinion.  I therefore grant GEICO's motion as to this claim.

### C. Violations of Nev. Rev. Stat. § 686A.310

10       Gonzalez's complaint alleges GEICO failed to "reasonably investigate and pay plaintiff's
11 claim." ECF No. 1-2 at 5.  This allegation approximately tracks the language of § 686A.310(1)(c)
12 ("[f]ailing to adopt and implement reasonable standards for the prompt investigation and
13 processing of claims arising under insurance policies") and § 686A.310(1)(e) ("[f]ailing to
14 effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has
15 become reasonably clear").  GEICO contends that it is entitled to summary judgment on this claim
16 because it reasonably requested proof of Gonzalez's claim pursuant to the policy, including an
17 executed HIPAA authorization for further review of his MRI films.  GEICO also argues that it has
18 communicated with Gonzalez and his counsel ever since receiving the settlement proposal and it
19 was still waiting for independent review to more fully evaluate his medical damages.

20       Gonzalez responds that GEICO has not provided any reasonable basis for delaying
21 payment in the several months since he notified GEICO of his settlement proposal, and GEICO had
22 all of his medical records and bills since August 23, 2017.  He claims that, since then, GEICO has
23 erroneously asserted that the HIPAA authorization was incomplete and that it needed further
24 information.  He also argues that the HIPAA form request served solely as a delay tactic.

25       In some circumstances, a ten-month delay in which an insurer investigates a claim without
26 affirming or denying coverage may present genuine issues of material fact as to an unfair claims
27 practice. *Estate of Lomastro ex rel. Lomastro v. Am. Family Ins. Grp.*, 195 P.3d 339, 351-52 (Nev.

2008). However, much shorter delays may be reasonable as a matter of law. For example, a court in this district found a delay of just over two months for an especially complex claim was reasonable as a matter of law. *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1237 (D. Nev. 2010). The Court of Appeals for the Ninth Circuit held a delay of thirteen weeks (where some of the delay was attributed to the insured's counsel failing to provide sufficient medical records) was reasonable as a matter of law. *Williams v. Am. Family Mut. Ins. Co.*, 593 F. App'x 610, 612 (9th Cir. 2014). Even a delay of several years may not support a § 686A.310 claim if there were "good-faith reasons for doing so." *Igartua*, 262 F. Supp. 3d at 1055-56 (holding no genuine issue of material fact remained on the unfair practices claim because the insurer "was still waiting for relevant documents nearly until this suit was filed" and it otherwise reasonably handled the claim).

Gonzalez does not offer any evidence raising a genuine issue that GEICO's HIPAA authorization request was a duplicative measure meant to delay GEICO's fair evaluation of the claim. Gonzalez's settlement proposal lacks an attached HIPAA form. ECF. No. 1-5 at 2-5. GEICO's initial request for the form therefore was not duplicative. The HIPAA form Gonzalez initially provided did not list the name and address of doctors who rendered services in connection with Gonzalez's injuries. *Id*. at 25. GEICO thus promptly asked Gonzalez to correct the deficiency. After receiving a completed HIPAA form, GEICO submitted a request for expedited review of the MRI films. It also requested an IME. Given the short time (approximately two and a half months) between receiving the settlement demand and Gonzalez filing suit, as well as the reasonable investigatory steps GEICO was taking, no reasonable jury could find GEICO did not conduct a prompt investigation of Gonzalez's claim.

Viewing the facts in the light most favorable to Gonzalez, he has not provided evidence raising a genuine dispute that GEICO failed to comply with § 686A.310. GEICO informed Gonzalez of its ongoing assessment of his claim and the possibility of independent review of his medical records. The record shows that GEICO was investigating the extent of Gonzalez's injuries

as well as the appropriateness of future surgery prior to Gonzalez filing this lawsuit. No reasonable jury could find otherwise. Thus, GEICO is entitled to summary judgment on this claim.

### D. Motion to Strike

Gonzalez moves to strike a supplemental reply GEICO filed over four months after briefing on the summary judgment was completed. ECF Nos. 16, 17. Because GEICO did not seek leave to file the supplemental reply, I grant the motion to strike. LR 7-2(g). However, I do not strike it from the record. Instead, I have not considered the supplemental reply for purposes of resolving the motion for summary judgment. I deny Gonzalez's unsupported request for attorney's fees, as he does not identify under what rule or statute he is entitled to fees nor does he justify the amount requested.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Government Employees Insurance Company's motion for summary judgment **(ECF No. 5)**, incorrectly labeled as a motion to dismiss, is **GRANTED IN PART**. The motion is granted as to the claims for bad faith and violation of Nevada Revised Statutes § 686A.310. The motion is denied as to the breach of contract claim.

IT IS FURTHER ORDERED that the motion to strike **(ECF No. 17) is GRANTED IN PART** in that I do not consider the unauthorized supplemental reply in ruling on the motion for summary judgment. However, I do not strike the supplemental reply from the record.

DATED this 12th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE